# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE JOHNSON, Jr., CDCR #F-58411,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>M. GAINS, et al.,<br><br>　　　　　　　Defendants. | Civil No.   09cv2868 DMS (AJB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 6]** |

On December 21, 2009, Plaintiff, an inmate currently incarcerated at Salinas Valley State Prison located in Soledad, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.

Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].  The Court sua sponte dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it was duplicative of *Johnson v. Gains*, S.D. Cal. Civil Case No. 09cv1312 LAB (POR).  Plaintiff has now filed a "Motion for Reconsideration." [Doc. No. 6].

/ / /

## I. Plaintiff's Motion for Reconsideration

### A. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[2] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

### B. Discussion

In Plaintiff's Motion for Reconsideration, he expresses confusion with respect to the Orders that have been issued in his previous case. Specifically, Plaintiff states that several claims were dismissed without prejudice in *Johnson v. Gains*, S.D. Cal. Civil Case No. 09cv1312 LAB (POR). Therefore, Plaintiff decided to re-file those dismissed claims in this separate action. However, while there were claims dismissed without prejudice in his previous

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for reconsideration within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."

[2] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(c), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED.R.CIV. P. 60(b).

1  case, Plaintiff was also permitted leave to file an amended Complaint in order to try to correct
2  the problems identified by District Judge Burns. Instead of filing a separate action, Plaintiff
3  must first attempt to amend his pleading in *Johnson v. Gains*, S.D. Cal. Civil Case No. 09cv1312
4  LAB (POR).

5      Accordingly, the Court finds that Plaintiff has provided no newly discovered evidence,
6  has failed to show clear error or that the Court rendered a manifestly unjust decision, and has
7  further failed to identify any intervening changes in controlling law that would demand
8  reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

## II.  Conclusion and Order

10     The Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 6]. Moreover, the
11 Court **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore,
12 would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United*
13 *States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent
14 appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

15     The Clerk shall close the file.

16     **IT IS SO ORDERED.**

17 DATED: February 17, 2010

19                         HON. DANA M. SABRAW
                           United States District Judge